UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **NEW JERSEY BUILDING LABORERS STATEWIDE BENEFIT FUNDS AND THE TRUSTEES THEREOF**<br>    Petitioner,<br><br>v.<br><br>**A&C MASONRY CO. INC.**,<br>    Respondent. | Civ. No. 2:15-01157 (KM)(MAH)<br><br>**OPINION** |

Before the Court is a motion to confirm an arbitration award in favor of a labor union. I will confirm the award. I note an ambiguity as to interest.

## Background

Petitioner in this case, New Jersey Building Laborers Statewide Benefit Funds and the Trustees Thereof (the "Fund") is an employee benefit fund affiliated with a labor union. The Fund alleges that Respondent A&C Masonry Co. entered into a collective bargaining agreement with the labor union. Pursuant to that agreement, A&C was obligated to make contributions to the Fund on behalf of union employees. According to the Fund, A&C was delinquent in making those contributions during the period July 1, 2009 through April 30, 2013. (Award,[1] ¶ 8)

The Fund initiated an arbitration proceedings against A&C to recover the delinquent funds. The record indicates that A&C did not appear or defend itself

---

[1] Citations to the record will be abbreviated as follows:

"Award" – findings of Audit Collection Award & Order, Dkt. No. 1, Exh. D
"CBA" – Agreement, ECF No. 1, Exh. A
"Petition" – Petition to Confirm Arbitration Award, Dkt. No. 1.
"Trust Agrmt." – Trust Agreement, Dkt. No. 1, Exh. C.

before the arbitrator. (Award, 1) It also appears that the Fund retained an independent auditor to determine the amount of the delinquency. (Award, 5)

The arbitrator found that A&C was bound to the CBA and was delinquent in making benefit contributions during the period July 1, 2009 through April 30, 2013. (Award, ¶¶ 1-3 and 8) The arbitrator ordered A&C to:

- Pay some $1,840.04 in delinquent contributions (Award, ¶ 13)
- Pay $1,433.50 in interest (Award, ¶ 13)
- Pay $368.00 in liquidated damages (Award, ¶ 13)
- Pay an attorney's fee in the amount of $460.00 (Award, ¶ 13)
- Pay an arbitrator's fee of $400.00 (Award, ¶ 13)
- Submit to an audit of its records (Award, 4)

These items yield a total award of $4,501.54.

**Discussion**

I find that much of what the arbitrator awarded was self-evidently consistent with the CBA and the Trust Agreement. As to interest, I add some brief discussion.

With respect to the delinquent contributions of $1,840.04, I note that Article XVI of the CBA does indeed require A&C to make contributions to the employee benefit fund. I defer to the arbitrator's finding that the result of the independent audit on this issue demonstrated that A&C was delinquent in its payments. (Award, ¶¶ 7-8)

With respect to the liquidated damages, I note that Article V, § 4 of the Trust Agreement provides for liquidated damages in the amount of 20% of the unpaid contributions. The arbitrator awarded $368.00 in liquidated damages, which is approximately 20% of the $1,840.04 in unpaid contributions.

With respect to attorneys' fees, the CBA provides that the prevailing party may recover attorneys' fees representing 27.5% of the first $750.00 in unpaid contributions, then 22.5% of the amount over $750.00. (CBA, § 15.30(a) & (b)). Here, the arbitrator's award of $460.00 is consistent with that formula (27.5% x 750.00 + 22.5% x 1,140.04 = 462.76).

The award of the arbitrator's fee is authorized by section 15.30(a) and (b) of the CBA. The order that A&C submit to an audit of its payroll records is consistent with Article V, § 5 of the Trust Agreement.

I turn to the arbitrator's award of $1,430.50 in interest, a rather large amount considering that the delinquency itself was only $1,840.04. The CBA provides that the Fund may recover interest on unpaid contributions. (CBA, § 15.30(d)) The Trust Agreement likewise provides for interest, and specifies a rate of "one and one-half percent (1 ½ %) compounded per month." (Trust Agrmt., Art. V, § 3) This provision leaves room for interpretation.

Ordinarily, I would tend to read an interest rate as *per annum*, unless otherwise specified. Here the phrase contains the words "per month," but the syntax is awkward. Does "per month" signify that the interest rate is 1½% per month? Does it modify only "compounded"? To put it another way: Should the phrase be read as "one and one-half percent per month, compounded [monthly]"? Or "one and one-half percent [annually], compounded per month"?

Interest at the rate of 1.5% per *year*, compounded monthly, would yield an effective annual interest rate of 1.51%. On the simplifying assumption that the entire principal amount was owed at the beginning of the relevant period, total interest would not exceed $150.66.[2]

Interest at the rate of 1.5% per *month*, on the other hand, would yield a far higher figure. Simple interest, assuming a principal amount of $1840.04 as

---

[2]   Thus a principal amount of $1,840.04 outstanding from July 31, 2009 through October 29, 2014 would generate $150.66 in interest ($1,840.04 \times 1.00125^{63} - 1,840.04$ = $150.66). Of course, the principal amount grew over time; it did not all come due on July 31, 2009. I offer a dollar amount as an approximation of the maximum owed.

This calculation uses the formula

Interest = $P \times (1 + I)^t - P$
where
P = the original principal amount
I = the interest rate for the period (here, a monthly interest rate of 0.125% (1.5% divided by 12 months per year)
t = the number of periods (here, approximately 63 months from July 31, 2009 through October 29, 2014)

of July 31, 2009, would result in an effective annual rate of 18%, and total interest would amount to no more than $1,738.84 (1,840.04 x 0.015 x 63 mos. = $1,738.84). Interest compounded monthly would result in an effective annual interest rate of 19.56% ($1.015^{12} - 1 = 19.56\%$), and total interest would amount to no more than $2,860.93 ($1,840.04 \times 1.015^{63} - 1,840.04 = \$2,860.93$).

The arbitrator interpreted the CBA differently, but it is not entirely clear how. The award imposes an interest obligation of $1,433.50. It is inferable that the arbitrator interpreted the interest rate as a monthly, not yearly, rate. And he may well have calculated interest based on the increasing balance of contribution payments due; my own rough calculation made the simplifying assumption that the entire principal amount fell due in July 2009.

Under the very forgiving standard of review here, I will uphold the interest award. "Only when an arbitrator acted in manifest disregard of the law, or if the record before the arbitrator reveals no support whatsoever for the arbitrator's determination, may a district court invade the province of the arbitrator." *United Transp. Union Local 1589 v. Suburban Transit Corp.*, 51 F.3d 376, 380 (3d Cir. 1995) (internal quotation omitted). In contrast, where an arbitrator's award "draws its essence" from the collective bargaining agreement in question, a court will not vacate the award.

> A court may vacate an arbitrator's award if it does not draw its essence from the collective bargaining agreement, but instead represents the arbitrator's own brand of industrial justice. This exception is a narrow one. An arbitration award draws its essence from the bargaining agreement if the interpretation can in any rational way be derived from the agreement, viewed in the light of its language, its context, and any other indicia of the parties' intention.

*Tanoma Min. Co. v. Local Union No. 1269, United Mine Workers of Am.*, 896 F.2d 745, 747-48 (3d Cir. 1990) (internal quotations omitted).

Of course, a court may modify an arbitration award under certain circumstances:

Page 4 of 5

(a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
(b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.
(c) Where the award is imperfect in matter of form not affecting the merits of the controversy.

9 U.S.C. § 11. I cannot say, however, that there was an arithmetic mistake in the award; the calculation of interest seems to reflect the arbitrator's interpretation of the agreement, not an error. And that interpretation was not so lacking in support that I may disregard it.

I will therefore uphold the award of interest in the amount of $1,433.50.

**Conclusion**

The arbitrator's award will be confirmed as modified. A separate order and judgment will issue in the total amount of $4,501.54.

Dated July 27, 2015
Newark, New Jersey

_____
KEVIN MCNULTY
**United States District Judge**